IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 16-cr-30041 |
| ) | |
| **JUSTIN WITHERSPOON,** ) | |
| ) | |
| **Defendant.** ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Justin Witherspoon's Amended Motion for Compassionate Release (d/e 42) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is GRANTED.

I. BACKGROUND

On March 12, 2020, Defendant Justin Witherspoon was found in violation of his mandatory condition of supervised release for aggravated fleeing and eluding, resisting arrest, and aggravated battery to a police officer. Defendant was sentenced to 12 months and 1 day of imprisonment and 3 years of supervised release. Defendant is currently serving his sentence at Sangamon County

Jail and has a projected release date of October 9, 2020.

On May 18, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See d/e 40. On May 22, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed. See d/e 42. Defendant seeks compassionate release due to his health issues and the COVID-19 pandemic. Defendant argues that the Court should waive the prerequisites for defendant filing such a motion, which are found in 18 U.S.C. § 3582(c)(1)(A).

On May 26, 2020, the Government filed a response opposing Defendant's motion. See d/e 49. The Government argues that the Court lacks the authority to grant Defendant's motion because Defendant has not exhausted his administrative rights with the Bureau of Prisons (BOP) or waited 30 days from the time a request to BOP regarding a motion for compassionate release was made. The Government also argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction.

On May 28, 2020, the Court held a video conference hearing on Defendant's motion, at which the Court heard a statement made

by Defendant Witherspoon and oral arguments.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

   The court, upon motion of the Director of the Bureau of

> Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant failed to pursue any administrative remedy prior to his motion. The Court concludes that § 3582(c)(1)(A) does not require the Court to wait to consider a compassionate release request if there is a credible claim of serious and imminent harm from this pandemic. That does not mean the Court will waive the exhaustion requirements in all cases. The decision must be made on a case-by-case basis. Defendant Witherspoon remains at a county jail because BOP is not accepting new inmates, which makes it impossible for Defendant to exhaust his administrative remedies or file a request with a warden of a BOP

facility.  Therefore, the Court excuses Defendant Witherspoon's failure to exhaust his administrative remedies or meet the 30 days requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

The Court begins with the factors set out in 18 U.S.C. § 3553(a).  Defendant Witherspoon is currently serving a 12 month and 1-day term of imprisonment for aggravated fleeing and eluding, resisting arrest, and aggravated battery to a police officer.  Defendant Witherspoon has been in custody for approximately six months for his crime.  Since being incarcerated, Defendant Witherspoon has not had the opportunity to complete any BOP rehabilitation programs as he remains at a county jail.  While at the county jail, Defendant Witherspoon has not committed any disciplinary actions.  The Court has reconsidered the factors in § 3553(a) and concludes that they entitle Defendant to compassionate release.

The Court must also consider whether "extraordinary and compelling reasons warrant such a reduction" and is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The spread of COVID-19 has presented extraordinary and

unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Socially distancing can be difficult for individuals living or working in a prison.

While Sangamon County Jail does not currently have any confirmed COVID-19 cases, it is possible, and realistically likely, that COVID-19 will infect the prison.  For example, on May 27, 2020, the Bureau of Prisons reported that it had 1,577 inmate and 181 staff confirmed COVID-19 active cases.  As of that date, 3,180 inmates and 413 staff had recovered from COVID-19.  However, 64 federal inmates have died from COVID-19.  See Federal Bureau of Prisons – COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed May 27, 2020).

Defendant is a 31-year-old African American male who has been incarcerated for most of his young adult life.  His projected release date is October 9, 2020, with four months remaining on his sentence.  Defendant has a history of asthma and hypertension.  All of these factors increase the serious risks of COVID-19 for

Defendant.  See Asthma – Need Extra Precautions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last accessed May 27, 2020) ("People with moderate to severe asthma may be at higher risk of getting very sick from COVID-19.  COVID-19 can affect your respiratory tract (nose, throat, lungs), cause an asthma attack, and possibly lead to pneumonia and acute respiratory disease."); Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last accessed May 27, 2020) ("Patients in China with no reported underlying medical conditions had an overall case fatality of 0.9%, but case fatality was higher for patients with comorbidities: 10.5% for those with cardiovascular disease, 7.3% for diabetes, and approximately 6% each for chronic respiratory disease, hypertension, and cancer.  Heart disease, hypertension, prior stroke, diabetes, chronic lung disease, and chronic kidney disease have all been associated with increased illness severity and adverse outcomes.").

The Court also considers whether Defendant is a danger to the safety of any other person or to the community. See U.S.S.G. § 1B1.13.[1] If Defendant quarantines himself at his girlfriend's home away from his girlfriend and any other household members, it will diminish the risk of spreading the virus. Otherwise, the Court does not find that Defendant poses a danger to the community.

The Court, taking all the relevant facts into account, finds that Defendant has established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment, and the Court finds that compassionate release is appropriate in this case.

### III. CONCLUSION

For the reasons set forth above, Defendant Witherspoon's motion for compassionate release (d/e 42) is GRANTED. The Court DENIES as MOOT the pro se motion (d/e 40) filed by Defendant Witherspoon. The Court hereby reduces Defendant's term of imprisonment from 12 months and 1 day to time served.

---

[1] Section 1B1.13 of the Sentencing Guidelines has not been amended to reflect the First Step Act's amendment to 18 U.S.C. § 3582(c)(1)(A). As it stands, § 1B1.13 refers to a reduction "upon the motion of the Director of the Bureau of Prisoners." No policy statement provides guidance for when a defendant files a motion. Nevertheless, the Court considers § 1B1.13.

The Court modifies Defendant's conditions of supervised release to require Defendant to spend four months on home confinement, which would include a strict 14-day isolation quarantine, with the home confinement starting as soon as possible after his term of supervised release begins.  Defendant shall be monitored by telephonic monitoring as approved by the United States Probation Office.  All other aspects of Defendant's sentence shall remain the same.

The U.S. Marshals Service is ORDERED to release Defendant within 24 hours.  The Clerk is DIRECTED to send a copy of this Opinion to the U.S. Marshals Service, Sangamon County Jail, and the Bureau of Prisons.  Defendant must self-quarantine for a period of 14 days beginning at the time of his release, including while he travels from the detention facility to his girlfriend's house.

ENTER:  May 28, 2020.

*s/ Sue E. Myerscough*  
SUE E. MYERSCOUGH  
UNITED STATES DISTRICT JUDGE