AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 1

3:16-cr-30041-SEM-TSH  # 51   Page 1 of 4

(NOTE: Identify Changes with Asterisks (*))

E-FILED
Thursday, 28 May, 2020 12:44:25 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
CENTRAL District of ILLINOIS

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| JUSTIN WITHERSPOON | Case Number: 16-30041-001 |
| | USM Number: 21714-026 |
| Date of Original Judgment: 3/16/2020 | Johanes Christian Maliza |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☑ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☐ admitted guilt to
☐ pleaded nolo contendere to count(s) which was accepted by the court.
☑ was found in   Violation of Condition MC   after denial of guilt.

The defendant is adjudicated guilty of these offenses:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1A | Aggravated Fleeing and Eluding, Resisting Arrest | 11/26/2019 |
| 1B | Aggravated Battery to a Police Officer | 11/26/2019 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) and is discharge as to such violation(s) conditions.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/28/2020
Date of Imposition of Judgment

s/Sue E. Myerscough
Signature of Judge

SUE E. MYERSCOUGH     U.S. DISTRICT JUDGE
Name of Judge          Title of Judge

5/28/2020
Date

AO 245C (Rev. 09/11 Amended Judgment in a Criminal Case)
Sheet 2 — Imprisonment
3:16-cr-30041-SEM-TSH # 51 Page 2 of 4
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 2 of 4

DEFENDANT: JUSTIN WITHERSPOON
CASE NUMBER: 16-30041-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of

Time Served.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JUSTIN WITHERSPOON
CASE NUMBER: 16-30041-001

Judgment—Page 3 of 4

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

3 years on each of Counts 1, 2 and 3, all to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter, as determined by the probation officer.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the following conditions:

1. The defendant shall not knowingly leave the federal judicial district in which he is approved to reside without the permission of the Court.

2. The defendant shall report to the probation office in the district to which he is released within 72 hours of release from custody. He shall report to the probation officer in a reasonable manner and frequency directed by the Court or probation officer.

3. The defendant shall follow the instructions of the probation officer as they relate to his conditions of supervision. He shall answer truthfully the questions of the probation officer as they relate to his conditions of supervision, subject to his right against self-incrimination.

4. The defendant shall notify the probation officer at least ten days prior to, or as soon as he knows about, any changes in residence or any time he leaves a job or accepts a job.

5. The defendant shall permit a probation officer to visit him at home between the hours of 6 a.m. and 11 p.m., at his place of employment while he is working, or at the locations of his court-ordered treatment providers. Visits may be conducted at any time if the probation officer has reasonable suspicion to believe that the defendant is in violation of a condition of supervised release or if he or a third party has reported that he is unable to comply with a directive of the probation officer because of illness or emergency. During any such visit, he shall permit confiscation of any contraband observed in plain view of the probation officer.

6. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. This condition does not prevent him from invoking his Fifth Amendment right against self-incrimination.

DEFENDANT: JUSTIN WITHERSPOON
CASE NUMBER: 16-30041-001

Judgment—Page 4 of 4

## ADDITIONAL SUPERVISED RELEASE TERMS

7. The defendant shall participate in psychiatric services and/or a program of mental health counseling/treatment as directed by U.S. Probation Office and shall take any and all prescribed medications as directed by the treatment providers. He shall pay for these services, to the extent he is financially able to pay. The U.S. Probation Office shall determine his ability to pay and any schedule for payment, subject to the Court's review upon request. He shall not be deemed financially able to pay if, at the time he begins receiving psychiatric services or mental health counseling or treatment, he would qualify for Court-appointed counsel under the Criminal Justice Act.

8. The defendant shall not purchase, possess, use, distribute, or administer any controlled substance or psychoactive substance that impairs physical or mental functioning, including street, synthetic, or designer drugs, or any paraphernalia related to any controlled substance or psychoactive substance, except as prescribed by a physician. He shall, at the direction of the U.S. Probation Office, participate in a program for substance abuse treatment including not more than six tests per month to determine whether he has used controlled or psychoactive substances. The defendant shall abide by the rules of the treatment provider. He shall pay for these services, to the extent he is financially able to pay. The U.S. Probation Office shall determine his ability to pay and any schedule for payment, subject to the Court's review upon request. The defendant shall not be deemed financially able to pay if, at the time he begins receiving substance abuse treatment, he would qualify for Court-appointed counsel under the Criminal Justice Act.

9. The defendant shall make a meaningful attempt to secure lawful and regular employment, defined as a monthly average of at least 30 hours per week, unless excused by the Court for schooling, training, or other acceptable reason, such as child care, elder care, disability, age, or serious health condition.

10. The defendant shall, at the direction of the U.S. Probation Office, participate in and successfully complete a cognitive behavioral therapy (CBT) program. He shall pay for this service, to the extent he is financially able to pay. The U.S. Probation Office shall determine his ability to pay and any schedule for payment, subject to the court's review upon request. He shall not be deemed financially able to pay if, at the time he begins receiving CBT, he would qualify for court-appointed counsel under the Criminal Justice Act.

11. The defendant shall participate in drug testing at the direction of the U.S. Probation Office to determine whether he has used controlled or psychoactive substances. He shall be subject to a maximum of six drug tests per month. The defendant shall not attempt to obstruct or tamper with the testing methods . He shall pay for this drug testing, to the extent he is financially able to pay. The U.S. Probation Office shall determine his ability to pay and any schedule for payment, subject to the court's review upon request. The defendant shall not be deemed financially able to pay if, at the time he begins participating in drug testing, he would qualify for court-appointed counsel under the Criminal Justice Act.

12. The defendant shall not knowingly possess a firearm, ammunition, destructive device as defined in 18 U.S.C. § 921(a)(4), or any object that he intends to use as a dangerous weapon as defined in 18 U.S.C. § 930(g)(2).

13. The defendant shall not knowingly be present at places where he knows controlled substances are illegally sold, used, distributed, or administered.

14. The defendant shall not knowingly meet, communicate, or otherwise interact with any person whom he knows to be a convicted felon or to be engaged in, or planning to engage in, criminal activity, unless granted permission to do so by the Court.

15. The defendant shall serve four months in home confinement during his term of supervised release. The home confinement will start as soon as possible after defendant's term of supervised release begins. He shall be monitored by telephonic monitoring. During this time, the defendant will remain at his place of residence at all times and shall not leave except when such leave is approved in advance by the U.S. Probation Office or in the event of a medical emergency.

16. As part of the defendant's home confinement, the defendant shall serve 14 days in self-isolated quarantine. The self-isolated quarantine shall start as soon as possible after his term of supervised release begins.